ORDERED.

**Dated:  April 24, 2024**

_____
Jason A. Burgess
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Mary Wilson Peterson,                                    Case No.  3:12-bk-02432-BAJ
                                                                       Chapter 13

                    Debtor.
_____/

### ORDER ON MOTION TO ALTER OR AMEND OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF ORDER GRANTING IN PART MOTION FOR CONTEMPT

This Case is before the Court upon the *Motion to Alter or Amend Or, in the Alternative, for Reconsideration of Order Granting in Part Motion for Contempt* (the "Motion") (Doc. 121), filed by Kracor-South, Inc. ("Kracor") and James K. Lindsey ("Lindsey"), and the *Response in Opposition to the Motion* (the "Response") (Doc. 123), filed by the Debtor.  The Motion is directed to the Court's Findings of Fact and Conclusions of Law (Doc. 115) (the "Opinion"), that imposes sanctions on Kracor and Lindsey.  By the Motion, Kracor and Lindsey request that the Court either amend or reconsider its decision under Federal Rule of Bankruptcy Procedure 59 or 60.

Motions for reconsideration are governed by Federal Rule of Bankruptcy Procedure 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure ("Rule(s)").  Relief under Rule 59(e) is limited to the following circumstances: "(1) an intervening change in controlling law; (2)

newly discovered evidence; or (3) clear error or manifest injustice."[1]  Rule 59 may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[2]  Furthermore, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."[3]

Kracor and Lindsey acknowledge that there is no intervening change in controlling law or the availability of any newly discovered evidence.  They assert that the Order contains clear error and manifest injustice on several grounds.  Upon review, the Court rejects their request to reconsider or amend the Order imposing sanctions based on the arguments that "different due process standards" are applicable and that the actions taken in the state court do not warrant the imposition of sanctions.  For similar reasons previously discussed in the Court's Opinion, the Court finds these arguments meritless and nothing more than a recycled attempt to deflect responsibility.

A closer question is whether it was clear error or manifest injustice to assess sanctions against Lindsey individually.  Upon re-examining the record, the Court finds that *neither* party focused on this issue.[4]  However, the Court does not find that the record rises to the high bar required to pierce the corporate veil.[5]  Accordingly, the Court will amend the opinion for the *sole* purpose of removing sanctions against Lindsey individually.[6]

---

[1]  Woide v. Fed. Nat'l Mortg. Ass'n (In re Woide), No. 6:16–cv–1484–Orl–37, 2017 WL 549160, at *1 (M.D. Fla. Feb. 9, 2017), aff'd, 730 F. App'x 731 (11th Cir. 2018).

[2]  Id. (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

[3]  Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

[4] As stated in Kracor and Lindsey's post-trial brief, "if the Court determines the remedy Kracor seeks to enforce was discharged in the Bankruptcy, the Court should not impose sanctions or hold Kracor and Lindsey in contempt because there exists a fair ground of doubt as to whether their actions violated the discharge."  (Doc. 109, p. 11).

[5] As the Court has previously recognized, "[p]iercing the corporate veil is an extraordinary remedy."  In re Nilhan Fin., LLC, 652 B.R. 381, 389 (Bankr. M.D. Fla. 2023).

[6] The Court cautions Lindsey that the Court's decision to not assess sanctions against Lindsey individually is in *no way* a license for continued pursuit of the Debtor in state court.

Alternatively, Kracor and Lindsey seek relief under Rule 60(b)(3) and (6).[7]  The Court finds Rule 60(b)(3), which pertains to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" to be inapplicable.  Next, the Court considers Rule 60(b)(6), the so-called "catchall provision."  Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment."[8]  "This remedy, however, is intended 'only for extraordinary circumstances.'"[9]  To obtain relief under Rule 60(b)(6), a party "must demonstrate a justification so compelling that the [bankruptcy] court was required to vacate its order."[10]  Kracor and Lindsey have made no such showing.  Accordingly, it is,

**ORDERED:**

1. The Motion is Denied in part and Granted in part to the limited extent stated herein.

2. The Opinion will be amended for the *sole* purpose of removing sanctions against Lindsey individually.

3. The parties shall meet and confer in *good faith* within fourteen (14) days of the date of this Order with respect to attempting to settle the remaining issue of the actual damages the Debtor incurred in reopening the case and litigating the matter.[11]

---

[7] Rule 60 is incorporated herein by Fed. R. Bankr. P. 9024.

[8] Fed. R. Civ. P. 60(b)(6).

[9] Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (cited in Olmstead v. Humana, Inc., 154 Fed. App'x 800, 805 (11th Cir. 2005)).

[10] Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quotation omitted)).

[11] The Court is *not* inclined to issue fees for work Debtor's counsel performed after the post-trial briefs.  The parties shall file a notice with the Court as to whether an agreement or partial agreement on the matter has been reached.